**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MARK GERAGHTY WONDERS, <br>      Appellant, | DOCKET NUMBER <br> AT-0752-13-0055-B-1 |
|     v. | |
| DEPARTMENT OF THE ARMY, <br>      Agency. | DATE: March 22, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Mark Geraghty Wonders</u>, Ozark, Alabama, pro se.

<u>Jack McKimm</u>, Esquire, Fort Rucker, Alabama, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1  The appellant has filed a petition for review of the remand initial decision, which found that he failed to prove his affirmative defense of harmful error in this appeal of his removal following the revocation of his security clearance. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The agency removed the appellant from his Public Affairs Specialist position after the agency revoked his security clearance, which was a requirement of his position. The appellant appealed and the administrative judge sustained the removal. On review, however, the Board found that the agency had violated two internal agency regulations concerning procedures the agency has committed to provide during the agency's internal security clearance revocation proceedings. *Wonders v. Department of the Army*, MSPB Docket No. AT-0752-13-0055-I-1, Remand Order (RO) at 5-7 (June 25, 2014). The Board remanded the appeal for the administrative judge to reconvene the hearing and develop the record on the issue of whether the agency's errors constituted harmful error within the meaning of 5 U.S.C. § 7701(c)(2)(A). *Id.* at 7-9. On remand, the administrative judge convened a hearing and, after considering the parties' evidence and arguments, she concluded that the appellant had not shown that the errors were harmful. Remand Initial Decision (RID) at 6-8.

¶3 The Board will not sustain an agency decision if the appellant proves the affirmative defense of harmful error in the agency's application of its procedures in arriving at such decision. *Doe v. Department of Justice*, 123 M.S.P.R. 90, ¶ 7

(2015). Harmful error cannot be presumed; an agency error is harmful only where the record shows that the procedural error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Id.*

¶4 The Board found in its remand order that the agency violated its own regulations during the adjudication of the appellant's security clearance when the Central Clearance Facility (CCF), the entity that makes decisions on security access, failed to provide the appellant with copies of all of the releasable documents upon which it relied in deciding to revoke his clearance, and when the CCF considered a recommendation from the appellant's garrison commander without affording the appellant the opportunity to rebut it. RO at 5-7. In addition to these two issues, the administrative judge permitted the appellant to raise an additional five allegations of harmful error. Remand File (RF), Tab 55 at 3.

¶5 We agree with the administrative judge that the appellant did not prove harm. The appellant appears to have parsed the agency's regulations to identify every minor deviation from the rules. He then lets the fact that the error occurred stand for itself. However, when an agency commits a procedural error in the course of an adverse action, the Board may not assume that the employee was harmed. *Schnedar v. Department of the Air Force*, 119 M.S.P.R. 246, ¶ 12 (2013); *see Brown v. Department of Defense*, 121 M.S.P.R. 584, ¶ 20 (2014) (a showing that it is possible that the agency may have reached a different outcome in the absence or cure of the error is insufficient to establish harmful error). The appellant was put on notice of his burden of proving that any errors were harmful in the Board's Remand Order, RO at 7-8, in the administrative judge's Summary of Telephonic Prehearing Conference, RF, Tab 55 at 4, in the Agency's Post-Hearing Brief, RF, Tab 62 at 13-14, and in the Remand Initial Decision, RID at 5. Even on review, the appellant complains that the administrative judge overlooked the agency's errors but fails to allege that any of the errors likely affected the outcome of the agency's deliberations. Petition for Review (PFR)

File, Tab 1 at 6-8. In fact, the appellant had the opportunity to review the releasable documents relied upon and the commander's recommendation during the agency's internal appeal process and it is not disputed that he addressed the errors extensively in his submissions before the agency. Because the appellant was able to provide appropriate rebuttal to the withheld documents while the internal appeal process was still underway, i.e., before his appeal rights were exhausted and the revocation of his clearance became final with no further avenue of review, and because the appellant made no attempt to prove that the agency's decision would have been different had the errors not occurred, the administrative judge correctly found that he failed to prove that the agency's errors were harmful.

¶6        The appellant argues on review that the administrative judge erred by failing to allow him to pursue discovery. PFR File, Tab 1 at 4-8. The appellant had the opportunity to engage in discovery when his appeal was before the administrative judge prior to remand. He has not shown that the administrative judge's decision not to allow a second round of discovery constituted an abuse of her broad discretion in discovery matters. Moreover, to the extent that the appellant alleges that the administrative judge erred by not directing the agency to provide him with an unredacted copy of the so-called Ranchino Legal Review, *id.* at 8-9, the administrative judge determined that the document was covered by the attorney-client privilege after an in camera review, IAF, Tab 55 at 5-6. We see no basis to disturb her determination.

¶7        The appellant also argues on review that the administrative judge erred by finding that he failed to show harm because the Board had already found in its Remand Order that the agency's errors were harmful. PFR File, Tab 1 at 5. A plain reading of the Remand Order belies this contention.

¶8        For the above reasons, we affirm the initial decision.

**NOTICE TO THE APPELLANT REGARDING**
**YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:           _____
                                                William D. Spencer
                                                Clerk of the Board

Washington, D.C.